UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY LOCHMAIER,

Plaintiff,

-against-

BRITISH BROADCASTING CORPORATION WEBSITE,

Defendant.

26-CV-7028 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff Timothy Lochmaier, proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action invoking the court's federal question and diversity jurisdictions, and seeking monetary relief. (ECF No. 1.) By Order dated September 3, 2026, the Court dismissed the complaint for failure to state a claim and granted Plaintiff leave to amend his complaint to address the deficiencies in the original pleading. (ECF No. 6.) On September 18, 2026, Plaintiff filed an amended complaint. (ECF No. 7.)

The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

In the original complaint, Plaintiff named as defendants the "British Broadcasting Corporation Website" ("BBC") and Ali Mahjouri. He alleged that, on an unspecified date, Mid-State Orange, which the Court understands to be a musical group, released an album called *Lost + Lonely* "using [Plaintiff's] American nickname and real name." (ECF No. 1, at 5.) Mid-State Orange allegedly also used, or perhaps sampled, music contained on an album called *Let's Get Static*, which was released by a band called The Project and on which Plaintiff allegedly played the drums. (*Id.*)

The BBC subsequently "created an artist page . . . [about Plaintiff]." (*Id.*) Moreover, Plaintiff's ex-roommate—Ali Mahjouri—promoted Plaintiff in unspecified fora and in unspecified ways. (*Id.*) Despite being featured on BBC's website and being "promoted" by Mahjouri, Plaintiff "earned no money and suffered 20ish years of outsized fame and career difficulties and family mental health triggered by very hard medicines." (*Id.*)

By Order dated September 3, 2026, the Court dismissed the complaint, with leave to replead, because it fell "far short of complying with Rule 8." (ECF No. 7, at 3.) The Court explained:

> Plaintiff appears to assert that non-parties to this action—namely, musical acts called Mid-State Orange and The Project—used his musical works without attribution or payment to Plaintiff. Plaintiff provides no allegations, however, about any wrongdoing by either of the Defendants in this action. Plaintiff also fails to allege whether he has any legal rights to enforce with regards to his musical works, and if so, the basis for those legal rights, such as copyright or contract. Moreover, Plaintiff sets forth a variety of harms to his health, but he makes no allegations about what role, if any, Defendants played in allegedly harming him. Plaintiff seems to rely solely on conclusions that he has been harmed, rather than well-pleaded facts that would inform the Court what this civil action is about and give Defendants adequate notice of the basis of his claims.
>
> In short, it is unclear to the Court, and would be unclear to any responding defendant, what viable claims and plausible supporting facts Plaintiff is alleging against which defendants. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

(ECF No. 6, at 3-4.)

Plaintiff timely filed an amended complaint on September 18, 2026, and in that pleading, he names the BBC as the sole Defendant. (ECF No. 7.) Plaintiff affirms that "[t]he rough explanation of the musical facts is correct from the first draft." (*Id*. at 5.) Plaintiff also alleges that, based upon the events described in the original complaint, which he presumably intends to incorporate by reference into the amended complaint, he "was considered delusional." (*Id*.) Plaintiff explains that the BBC's publication of his "empty bio . . . caused [his] success [to] seem big to former friends[.]" (*Id*.) For instance, Plaintiff alleges that in 2005, while he was staying in a Travel Lodge hotel, "Steve Jones of the Sex Pistols had a radio show in which he randomly blurted [Plaintiff's] first name." (*Id*.) He adds that Craig Ferguson, a late-night talk show host, "used to mock the Travel Lodge frequently." (*Id*.)

Plaintiff alleges that he developed paranoia because of these events. He explains that, in California, he "saw people peeking over the fence and drivers stopping by [his] car . . . as if [he] was John Lennon or Syd Barrett." (*Id*. at 6.) Plaintiff told his brother about these occurrences, and in response, his brother "'interventioned' him." (*Id*.)

Plaintiff seeks monetary relief.

## DISCUSSION

### A. Dismissal For Failure to State a Claim

The amended complaint fails to cure the deficiencies noted by the Court in the Order dated September 3, 2026. As the Court previously explained, Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

Plaintiff appears to allege that the BBC created an "artist page" about him, which contained information about his musical creations, and published it on its website. Nothing in the complaint suggests that the BBC violated any law or violated any of Plaintiff's rights by doing so. For instance, neither the complaint nor the amended complaint suggests that the BBC fabricated any information about Plaintiff or otherwise disseminated false information about him. As to the music itself, as the Court previously explained, Plaintiff "fails to allege whether he has any legal rights to enforce with regards to his musical works, and if so, the basis for those legal rights, such as copyright or contract." (ECF No. 6, at 4.) Plaintiff's amended complaint, even as

supplemented by his original complaint, "seems to rely solely on conclusions that he has been harmed, rather than well-pleaded facts that would inform the Court what this civil action is about and give Defendants adequate notice of the basis of his claims." (*Id.*) Because the facts alleged in the complaint and the amended complaint do not allow the Court to infer that the BBC violated any of Plaintiff's rights, the Court dismisses this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Supplemental Jurisdiction Declined**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C. Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has not cured the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because Plaintiff cannot cure the defects in his amended complaint with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

This action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over any state-law claims that Plaintiff may be asserting in this action. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Order.

SO ORDERED.

Dated: September 23, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge